EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Alcides Díaz Santiago <br><br> Recurrido <br><br> v. <br><br> International Textiles Products of Puerto Rico; Tech Products of Puerto Rico, Inc. <br><br> Peticionarios | 2016 TSPR 136 <br><br> 195 DPR ____ |

Número del Caso: CC-2014-18

Fecha: 24 de junio de 2016

Tribunal de Apelaciones:

      Región Judicial de Ponce, Panel VIII

Abogadas de la Parte Peticionaria:

      Lcda. Jessica Altreche Vélez
      Lcda. Ivonne Cruz-Serrano

Abogado de la Parte Recurrida:

      Lcdo. Edgardo Santiago Lloréns

Materia: Derecho Laboral - Notificación al patrono de que se presentó una querella administrativa por discrimen; Interrupción del término prescriptivo de la Ley 80.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alcides Díaz Santiago

    Recurrido

       v.                        CC-2014-18     Certiorari

International Textiles
Products of Puerto Rico; Tech
Products of Puerto Rico, Inc.

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 24 de junio de 2016.

En esta ocasión debemos expresarnos acerca del efecto que tiene el inicio, notificación, tramitación y resolución de una querella ante la Unidad Antidiscrimen del Departamento del Trabajo sobre el término prescriptivo para solicitar remedios por despido injustificado al tenor de la Ley 80, *infra*. Luego de examinar los estatutos legales aplicables, resolvemos que la **notificación** al patrono de que se presentó una querella administrativa por discrimen puede tener el efecto de "interrumpir" el término prescriptivo de la Ley 80, *infra*, si dicha notificación cumple con todos

los requisitos de una reclamación extrajudicial efectiva. Sin embargo, aclaramos que dicho término no quedará "congelado" hasta la finalización del trámite administrativo debido a que no existe identidad de propósitos entre una reclamación por discrimen ante la Unidad Antidiscrimen y una acción judicial por despido injustificado.

## I

Los hechos pertinentes del caso se resumen a continuación. El Sr. Alcides Díaz Santiago fue empleado de International Textiles Products of PR h/n/c Tech Products of Puerto Rico Inc. (International) hasta el 18 de junio de 2007, fecha en que fue despedido. El 6 de febrero de 2008, varios meses después de su cesantía, el señor Díaz Santiago presentó una querella ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos (Unidad Antidiscrimen) en la que adujo que fue despedido discriminatoriamente por razón de su edad, en contravención a la Ley Núm. 100 de 30 de junio de 1959, conocida como la Ley contra el Discrimen en el Empleo, 29 LPRA sec. 146 *et seq.* (Ley 100). El **11 de febrero de 2008** se notificó por correo una copia de la querella a International. Luego de varios trámites, la Unidad Antidiscrimen hizo una determinación de "No Causa Probable de discrimen en el empleo bajo la causal de edad" y el 21 de abril de 2010 notificó su determinación a las partes.

Así las cosas, el **19 de abril de 2011** el señor Díaz Santiago presentó ante el Tribunal de Primera Instancia una querella en contra de International por discrimen en el empleo al amparo de la Ley 100 y despido injustificado, al tenor de la Ley Núm. 80 de 30 de mayo de 1976, conocida como la Ley de Indemnización por Despido sin Justa Causa, 29 LPRA sec. 185 *et seq*. (Ley 80). Por su parte, International presentó una solicitud de sentencia sumaria parcial en la que adujo que el trámite ante la Unidad Antidiscrimen no tuvo efecto alguno sobre el término prescriptivo de tres (3) años de la Ley 80. Por ello, expuso que, al haber transcurrido más de tres (3) años sin que el término prescriptivo de la Ley 80 fuese interrumpido, procedía la desestimación de esta reclamación.

Luego de examinar la solicitud de International, así como la oposición del señor Díaz Santiago, el Tribunal de Primera Instancia emitió una sentencia parcial mediante la cual desestimó la causa de acción de despido injustificado de Ley 80 por el fundamento de prescripción. Ante ello, solo quedó pendiente la reclamación por discrimen.

Inconforme, el señor Díaz Santiago presentó un recurso de apelación ante el Tribunal de Apelaciones en el que alegó que su reclamación por despido injustificado no estaba prescrita, pues, según adujo, esta no era una "separada" a la de discrimen. Examinados los escritos, el

foro apelativo intermedio revocó la determinación del Tribunal de Primera Instancia. Razonó que la presentación de la querella ante la Unidad Antidiscrimen fue suficiente para interrumpir y congelar el término prescriptivo de la Ley 80 debido a que el despido injustificado es un elemento esencial del despido discriminatorio.

Ahora insatisfecho, International acudió oportunamente ante este Foro mediante un recurso de *certiorari*. Plantea que el Tribunal de Apelaciones erró al concluir que el término prescriptivo de la Ley 80 quedó congelado durante el trámite ante la Unidad Antidiscrimen. Tiene razón. Veamos.

## II

### A. La interrupción de la prescripción

Un término es un plazo de tiempo que una ley concede para ejercer un derecho o realizar un acto procesal.[1] En nuestro ordenamiento, los términos pueden ser de prescripción o de caducidad y la diferencia entre estos es que el término de prescripción se puede interrumpir mientras que el de caducidad no.[2] Existen dos clases de prescripción, a saber: la prescripción adquisitiva y la extintiva.[3] Ambas surgen del Art. 1830 del Código Civil de Puerto Rico, 31 LPRA sec. 5241, que

---

[1] Bonilla Ramos v. Dávila Medina, 185 DPR 667, 676 (2012).

[2] Íd.

[3] Bravman, González v. Consejo Titulares Real, 183 DPR 827, 877 (2011).

preceptúa que por prescripción se adquieren o se extinguen los derechos y las acciones.

En esta ocasión nos adentraremos en el tema de la prescripción extintiva. Es sabido que con la prescripción extintiva lo que se busca es castigar la dejadez en el ejercicio de los derechos, así como prevenir los litigios difíciles de adjudicar por la antigüedad de las reclamaciones para evitar que una de las partes quede en estado de indefensión.[4] En cuanto a los mecanismos de interrupción de la prescripción, el Art. 1873 del Código Civil, 31 LPRA sec. 5303, dispone que **los términos prescriptivos quedarán interrumpidos por el ejercicio de la acción ante los tribunales, por reclamación extrajudicial y por cualquier acto de reconocimiento de la obligación por parte del deudor.**[5]

Es imperativo señalar que cada mecanismo de interrupción tiene distintos requisitos, características y efectos sobre los términos prescriptivos. Ante ello, hemos establecido dos tipos de interrupción: la interrupción simple (también conocida como interrupción de carácter instantáneo) y la congelación (interrupción con carácter duradero).[6] Primeramente, **la "<u>interrupción</u>" de carácter simple es aquella en la que el acto interruptor inicia un nuevo término prescriptivo que comenzará a computarse**

---

[4] <u>SLG Serrano-Baez v. Foot Locker</u>, 182 DPR 824, 831 (2011).

[5] Por un lado, la interrupción judicial y la extrajudicial surgen a instancias del acreedor, mientras que el reconocimiento de la deuda es el resultado de un acto del deudor.

[6] <u>Suárez Ruiz v. Figueroa Colón</u>, 145 DPR 142, 150 (1998).

**inmediatamente**, es decir, desde que ocurre el acto interruptor.[7] Por ejemplo, si una persona tuvo un accidente el 1 de enero de 2015 y pretende reclamar por daños y perjuicios al tenor del Art. 1802 del Código Civil, 31 LPRA sec. 5141, le aplicará el término prescriptivo de un (1) año y dicho término comenzará a computarse desde el día en que ocurrió el daño. Si el 1 de agosto de 2015 el afectado envió una carta a la persona que provocó su daño, y si dicha notificación cumplió con los requisitos de una reclamación extrajudicial, la consecuencia será que el 1 de agosto de 2015 servirá como la nueva fecha de partida para comenzar a computar el nuevo término de un (1) año. **En la "congelación", al igual que en la interrupción simple, el acto interruptor también inicia un nuevo término prescriptivo, sin embargo este habrá de comenzar a computarse en un momento posterior.**[8]

De forma especial, la presentación de una "reclamación judicial" tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial iniciado.[9]

En contraste, una "reclamación extrajudicial" puede manifestarse a través de diversos actos. Por tal razón,

---

[7] L. Díez Picaso, La Prescripción en el Código Civil, Barcelona, Ed. Bosch, 1964, Cap. III, p. 138; Maldonado v. Russe, 153 DPR 342, 353-354 (2001); Suárez Ruiz v. Figueroa Colón, *supra*, págs. 150-151.

[8] Íd.

[9] Suárez Ruiz v. Figueroa Colón, *supra*, pág. 151.

esta bien podría provocar una interrupción simple o podría acarrear un efecto congelador sobre el término prescriptivo que durará hasta que ocurra cierto evento posterior.[10] Una reclamación extrajudicial que interrumpe el término prescriptivo se define como una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo.[11] Ahora bien, a pesar de que reconocemos que no existen exigencias de forma para realizar una reclamación extrajudicial —ya que esta puede ser escrita o verbal—, hemos expresado reiteradamente que toda reclamación extrajudicial efectiva debe cumplir con los siguientes requisitos: (1) debe ser oportuna, (2) debe ser presentada por una persona con legitimación, (3) el medio utilizado para hacer la reclamación debe ser idóneo y (4) **debe existir identidad entre el derecho reclamado y aquel afectado por la prescripción.**[12]

Debido a su naturaleza, las reclamaciones formuladas ante organismos administrativos o internos no caen bajo la clasificación de reclamación judicial, por lo que sus efectos sobre el término prescriptivo se deben examinar a la luz de los requisitos de una reclamación extrajudicial.[13] Sobre esto, además de establecer la posibilidad de interrumpir el término prescriptivo, en

---

[10] Véase <u>Maldonado v. Russe</u>, *supra*, pág. 353.

[11] <u>Meléndez Guzmán v. Berríos López</u>, 172 DPR 1010, 1020 (2008).

[12] Íd., págs. 1019-1020.

[13] Díez Picaso, *op. cit.*, pág. 110.

<u>Maldonado v. Russe</u>, 153 DPR 342, 354 (2001), expusimos que **una gestión ante un foro no judicial puede tener el efecto de congelar el término si "el trámite interno o administrativo guarda <u>identidad de propósitos</u> con la acción judicial, *situaciones en las cuales el término queda congelado hasta tanto culmine todo el proceso"*.** (Énfasis suplido). La determinación sobre si el término quedó o no congelado durante el trámite administrativo es esencial para determinar si una causa de acción quedó prescrita en los casos como este, en los que una parte presentó una acción ante otro foro.

Por ejemplo, en <u>Matos Molero v. Roche Products, Inc.</u>, 132 DPR 470, 488 (1993), extendimos el efecto de congelación de la Ley 100 a las querellas por discrimen presentadas ante la Comisión de Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) fundándonos en que la presentación de un cargo ante dicha agencia equivale a una ante la Unidad Antidiscrimen.[14] En <u>Suárez Ruiz v. Figueroa Colón</u>, 145 DPR 142, 153-154 (1998), resolvimos que no existía identidad de propósitos entre una acción iniciada ante la Unidad de Tramitación de Querellas del Departamento de Educación —que investiga querellas de hostigamiento sexual con el propósito de eliminar el ambiente hostil en el empleo— y la judicial por hostigamiento sexual y discrimen por edad —que tiene el propósito de indemnizar el daño sufrido por el empleado

---

[14] Por virtud del *Worksharing Agreement*.

agraviado—. Por tal razón, concluimos que el trámite administrativo interno del Departamento de Educación no tuvo el efecto de congelar el término prescriptivo de las acciones de hostigamiento sexual y discrimen por edad. De igual forma, en Maldonado v. Russe, *supra*, págs. 355-356, expresamos que la presentación de una querella ante el Negociado de Normas del Trabajo del Departamento del Trabajo no congeló el término prescriptivo de la Ley 100 debido a que no existe identidad de propósitos entre una acción judicial por discrimen y el procedimiento del Negociado —que solo tiene facultad para investigar reclamaciones por despido injustificado, salarios dejados de pagar, vacaciones y bonos, entre otras, pero no está facultado para investigar alegaciones de discrimen—.[15]

Es esencial mencionar que tanto en Suárez Ruiz v. Figueroa Colón, *supra*, como en Maldonado v. Russe, *supra*, advertimos que, aunque no ocurra la "congelación" del término prescriptivo, la notificación de la querella puede tener el efecto de **"interrumpir"** el término prescriptivo si esta cumple con todos los requisitos de una **reclamación extrajudicial** efectiva.

## B. Prescripción de las acciones por Ley 80 y Ley 100

Repasados estos principios, pasaremos a evaluar la prescripción de las reclamaciones de Ley 80 y Ley 100.

Comenzamos por destacar que ambos son estatutos laborales de carácter reparador que tienen múltiples diferencias, tales como los propósitos que persiguen, los

---

[15] Maldonado v. Russe, *supra*, pág. 355.

remedios que proveen y sus términos prescriptivos. En particular, la Ley Núm. 80 de 30 de mayo de 1976, conocida como la Ley de Indemnización por Despido sin Justa Causa, 29 LPRA sec. 185 *et seq*. (Ley 80), se creó para desalentar la incidencia de despidos injustificados en Puerto Rico y para proveer remedios justicieros a las personas que son despedidas sin justa causa.[16] Hemos expresado que el empleado que crea tener una reclamación de este tipo podrá acudir al tribunal o al Negociado de Normas de Trabajo del Departamento del Trabajo, ya que este último tiene facultad para investigar reclamaciones por despido injustificado, salarios dejados de pagar, vacaciones y bonos, entre otras.[17] **Según se desprende del Art. 1 de la Ley 80, 29 LPRA sec. 185(a), esta causa de acción requiere, entre otros, que se pruebe que el empleado fue despedido y que no medió justa causa para el despido.** Por su parte, el Art. 12 de la Ley 80, 29 LPRA sec. 185(l), dispone claramente que el término prescriptivo para solicitar remedios al tenor de esta ley es de tres (3) años; sin embargo, esta ley no expone el modo de interrumpirlo ni los efectos de su interrupción. Tampoco menciona la posibilidad de que ocurra la congelación del término.

Por otro lado, la Ley Núm. 100 de 30 de junio de 1959, conocida como la Ley contra el Discrimen en el

---

[16] SLG Serrano-Baez v. Foot Locker, *supra*, pág. 835.

[17] Véase Maldonado v. Russe, *supra*, pág. 355.

Empleo, 29 LPRA 146 *et seq*. (Ley 100), es uno de los estatutos que sanciona el discrimen en el empleo. En lo pertinente, en su Art. 1, prohíbe que el patrono despida, suspenda o discrimine a un empleado por las clasificaciones allí protegidas.[18] **Los elementos esenciales para una causa de acción por despido discriminatorio de la Ley 100 son los siguientes: el empleado fue despedido, <u>sin justa causa</u> y existe la modalidad del discrimen alegado.**[19] El término prescriptivo de la Ley 100 es de un (1) año y el empleado que reclame sus beneficios podrá presentar una querella administrativa ante la Unidad Antidiscrimen o iniciar una acción judicial.[20]

El Art. 3 del Reglamento General de la Unidad Antidiscrimen, Reglamento Núm. 6236, dispone que la Unidad Antidiscrimen tiene jurisdicción para investigar querellas de discrimen al amparo de los siguientes estatutos: (1) Ley 100; (2) Ley Núm. 69 de 6 de julio de 1985 (discrimen por razón de sexo); (3) Ley Núm. 17 de 22 de abril de 1988 (hostigamiento sexual en el trabajo) y

---

[18] El Art. 1 de la Ley Núm. 100 de 30 de junio de 1959, conocida como la Ley contra el Discrimen en el Empleo (Ley 100), 29 LPRA sec. 146, establece que las clasificaciones protegidas son las siguientes: edad, raza, color, sexo, orientación sexual, identidad de género, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas, o por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, por ser militar, exmilitar, servir o haber servido en las Fuerzas Armadas de los Estados Unidos o por ostentar la condición de veterano.

[19] Véanse Arts. 1 y 3 de la Ley 100, 29 LPRA secs. 146 y 148; <u>Díaz v. Wyndham Hotel Corp.</u>, *supra*, pág. 389.

[20] Art. 5 de la Ley 100, 29 LPRA sec. 150. Véase <u>Matos Molero v. Roche Products, Inc.</u>, 132 DPR 470, 477 (1993).

(4) Ley Núm. 44 del 2 de julio de 1985 (discrimen por impedimento). Entre otros requisitos, la querella ante la Unidad deberá contener lo siguiente: la información del empleado y el querellado, la causa o base del alegado discrimen, una relación sucinta de las actuaciones supuestamente discriminatorias y el remedio solicitado.[21] Luego de la presentación, se notificará prontamente una copia de la querella a la parte querellada.[22] Finalmente, si la Unidad Antidiscrimen determina que la querella carece de méritos, se expedirá un *Aviso de Determinación de No Causa Probable de Discrimen* y se notificará a las partes con la advertencia de su derecho a presentar una acción judicial dentro del año siguiente.[23] Es menester señalar que el procedimiento ante la Unidad no es adjudicativo, sino uno puramente investigativo y conciliador, que no tiene el efecto de adjudicar de manera definitiva si hubo o no discrimen.[24] Por ello, el empleado que no haya logrado algún acuerdo con su patrono durante el trámite administrativo deberá acudir al tribunal si desea obtener los remedios e indemnización que provee la Ley 100.

---

[21] Art. 5 del Reglamento General de la Unidad Antidiscrimen, Reglamento Núm. 6236 (Reglamento).

[22] Íd.

[23] Art. 10 del Reglamento.

[24] Véanse Reglamento; Sec. 5 de la Ley Orgánica del Departamento del Trabajo y Recursos Humanos de Puerto Rico, 3 LPRA sec. 308; Pablo Meléndez Rivera v. Corporación del Fondo del Seguro del Estado, 2016 TSPR 64.

Por su parte, el Art. 5 de la Ley 100, 29 LPRA sec. 150, nos ilustra sobre los efectos que el trámite ante la Unidad Antidiscrimen provoca en el término prescriptivo de la Ley 100, ellos son: (1) "el término prescriptivo de un año para iniciar la acción judicial quedará **interrumpido** al notificársele la querella al patrono o querellado, siempre y cuando [la] notificación se efectúe dentro de dicho término prescriptivo" (interrupción simple), y (2) "[d]icho término prescriptivo quedará, además, en **suspenso o congelado** mientras la querella se continúe tramitando en el Departamento del Trabajo y Recursos Humanos[…]". (Énfasis suplido).[25] También, el Art. 5 dispone que en los demás casos el término prescriptivo se interrumpirá conforme lo establece el Art. 1873 del Código

---

[25] El Art. 5 de la Ley 100, 29 LPRA sec. 150, dispone lo siguiente sobre su prescripción:

"Cuando se presente una querella por discrimen en el Departamento del Trabajo y Recursos Humanos, el término prescriptivo de un año para iniciar la acción judicial quedará interrumpido al notificársele la querella al patrono o querellado, siempre y cuando que la notificación se efectúe dentro de dicho término prescriptivo. Dicho término prescriptivo quedará, además, en suspenso o congelado mientras la querella se continúe tramitando en el Departamento del Trabajo y Recursos Humanos y no se haya notificado al querellado la determinación del Secretario de dicho Departamento sobre la reclamación. Si mientras se está tramitando la reclamación en el Departamento del Trabajo y Recursos Humanos, el querellante solicita que se le permita retirar la querella o manifiesta que no desea continuar con dicho trámite, el término prescriptivo antes aludido comenzará nuevamente a partir de la fecha en que el Secretario del Trabajo y Recursos Humanos notifique de su determinación a las partes. En los demás casos, el término prescriptivo se interrumpirá con la reclamación extrajudicial, con la radicación de la acción judicial correspondiente o por el reconocimiento de la deuda por parte del patrono o de su agente autorizado."

El nuevo término comenzará a transcurrir cuando se notifique la determinación del Secretario del Departamento del Trabajo. Véase Pablo Meléndez Rivera v. Corporación del Fondo del Seguro del Estado, *supra*.

Civil, *supra*, a saber: por reclamación extrajudicial, por reconocimiento de la deuda o por acción judicial.

**C. La interrupción simple del término de Ley 80**

Como mencionamos, a diferencia de la Ley 100, la Ley 80 no informa las maneras de interrumpir el término ni los efectos de su interrupción. Tampoco existe disposición alguna en torno a si el término prescriptivo de la Ley 80 puede quedar congelado. Es por ello que debemos resolver la siguiente interrogante: ¿qué efecto tiene el inicio, notificación, tramitación y resolución de una querella por discrimen ante la Unidad Antidiscrimen sobre el término prescriptivo de una causa de acción por despido injustificado al tenor de la Ley 80? En atención a que la acción ante la Unidad Antidiscrimen es una no judicial, procederemos a examinar sus efectos a la luz de los preceptos sobre interrupción y congelación extrajudicial.

Primero examinaremos si ocurrió la interrupción del término de la Ley 80. Recapitulando, el requisito sobre identidad que requiere la interrupción no es el mismo que requiere la congelación. Por un lado, **la interrupción simple requiere que exista identidad entre derechos (identidad entre el derecho reclamado y aquel que se pretende interrumpir), mientras que en la congelación se exige identidad de propósitos entre el proceso iniciado y la acción judicial.**[26]

Luego de examinar los requisitos sobre interrupción extrajudicial, concluimos que la notificación al patrono

---

[26] Maldonado v. Russe, *supra*, pág. 353.

de la presentación de una querella por **discrimen** ante la Unidad Antidiscrimen tendrá el efecto de **interrumpir** el término prescriptivo de una reclamación por despido injustificado de la **Ley 80** si la notificación de la querella cumplió con todos los requisitos de una reclamación extrajudicial efectiva. Es decir: (1) si fue oportuna (la reclamación ocurrió dentro del término prescriptivo de tres (3) años de la Ley 80); (2) si fue realizada por una persona con legitimación; (3) si el medio utilizado fue idóneo; y, finalmente, (4) si existía identidad entre el derecho reclamado y el afectado por la prescripción.

Sobre este último requisito, disponemos que existe identidad entre el despido discriminatorio y una reclamación por despido injustificado debido a que el despido injustificado es un elemento esencial de la causa de acción por despido discriminatorio. Así, hemos reiterado que para que prospere una reclamación por discrimen el empleado debe haber probado el hecho básico de que fue despedido sin justa causa.[27]

Ahora bien, la identidad de derechos entre el despido discriminatorio y el despido injustificado no opera a la inversa, pues el despido discriminatorio no es un elemento esencial del despido injustificado.

---

[27] Véase <u>Díaz v. Wyndham Hotel Corp.</u>, *supra*, pág. 391. En el caso antes mencionado establecimos una variante en el esquema probatorio para las reclamaciones que se instan al amparo de la Ley 100 y la Ley Núm. 80 de 30 de mayo de 1976, conocida como la Ley de Indemnización por Despido sin Justa Causa, conjuntamente. Además, aclaramos que los tribunales podrán conceder remedios al tenor de la Ley 80 en los casos en los que se probó que el despido fue injustificado, pero no se logró probar el elemento de discrimen.

Precisamente así lo expresamos en Díaz v. Wyndham Hotel Corp., 155 DPR 364, 387 (2001), cuando señalamos que "no todo despido injustificado es discriminatorio a su vez; y, por el contrario, todo despido discriminatorio sí es injustificado". En consecuencia, la notificación de una reclamación por despido injustificado no tendrá el efecto de interrumpir el término prescriptivo de una reclamación por discrimen, salvo que la notificación haya incluido alegaciones de discrimen. A fin de cuentas, **lo importante, al tratarse de una notificación que se examina a la luz de los requisitos de la doctrina de "interrupción simple", lo será el contenido del documento notificado a la persona a quien se pretende reclamar y no si el foro donde inició la reclamación aludida tiene jurisdicción para atenderla.**

**D. La congelación del término de la Ley 80**

Entonces, una vez determinada su interrupción, resta por resolver cuándo comenzará a transcurrir el nuevo término prescriptivo.

Debemos mencionar que en SLG Serrano-Baez v. Foot Locker, 182 DPR 824 (2011), se nos presentó la misma controversia que ahora atendemos respecto a cuál es el efecto de un trámite ante la Unidad Antidiscrimen sobre el término prescriptivo de la Ley 80. A pesar de que en dicha ocasión no nos adentramos en la doctrina de congelación, resolvimos _sub silentio_ que el trámite ante la Unidad Antidiscrimen no tuvo el efecto de congelar el término

prescriptivo de tres (3) años de una reclamación por Ley 80. Ello, al resolver que la reclamación por Ley 80 estaba prescrita, a pesar de que el empleado presentó su demanda a los once (11) meses desde que finalizó el trámite ante la Unidad Antidiscrimen.

Como indicamos, en nuestro ordenamiento jurídico, a menos que algún estatuto lo disponga expresamente, la congelación de un término prescriptivo mediante el inicio de un procedimiento administrativo o interno solo ocurrirá en los casos en los que dicho procedimiento guarde identidad de propósitos con la acción judicial. La exigencia de tal identidad de propósitos requiere necesariamente que el foro administrativo concerniente posea facultad en ley para atender la reclamación presentada.[28]

El primer paso para examinar si puede ocurrir la congelación del término prescriptivo de la Ley 80 es observar si el Legislador la contempló. Como hemos reiterado, **la Ley 80 no contempla disposición alguna sobre la congelación de su término prescriptivo**. Tampoco se provee para su congelación en algún otro estatuto. Ante la ausencia de expresión legislativa, debemos analizar si entre los procedimientos aquí estudiados existe la "identidad de propósitos" requerida por la doctrina de

---

[28] La jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir los casos que se someten ante su consideración. DACo v. AFSCME, 185 DPR 1, 12 (2012). Cónsono con lo enunciado, hemos resuelto que aquella actuación administrativa que no obedezca el poder que se le confirió mediante legislación debe ser catalogada como ultra vires. Íd., pág. 13.

congelación. Según se desprende de los estatutos legales aplicables, la Unidad Antidiscrimen únicamente tiene facultad para investigar querellas sobre discrimen en el empleo, al tenor de las leyes de discrimen que administra. De ello surge que la Unidad no tiene jurisdicción para atender una reclamación de Ley 80. Tan es así que la determinación final de la Unidad Antidiscrimen no contendrá expresión alguna en torno a la existencia o inexistencia de una causa de acción por despido injustificado, ni siquiera en los casos en los que el empleado haya logrado probar que su despido fue injustificado.[29]

**Luego de analizar los estatutos legales aplicables, resolvemos que no existe identidad de propósitos entre una reclamación por discrimen que se investiga ante la Unidad Antidiscrimen y una acción judicial por despido injustificado de la Ley 80.** Por lo tanto, el proceso iniciado ante la Unidad Antidiscrimen no tendrá el efecto de "congelar" el término prescriptivo para solicitar remedios en virtud de la Ley 80. Simplemente no se puede configurar la identidad de propósitos requerida para la doctrina de congelación de los términos prescriptivos cuando el foro en cuestión carece de autoridad para atender la causa de acción cuyo término se pretende congelar.

En resumen, las normas sobre la relación entre una acción ante la Unidad Antidiscrimen y el término

---

[29] Véase Art. 10 del Reglamento.

prescriptivo de la Ley 80 se disponen a continuación. La notificación al patrono de una querella presentada ante la Unidad Antidiscrimen puede tener el efecto de "interrumpir" el término prescriptivo de la Ley 80 si esta cumple con todos los requisitos de una reclamación extrajudicial efectiva. Sin embargo, dicho término comenzará a transcurrir inmediatamente desde la notificación, pues no existe identidad de propósitos entre una reclamación ante la Unidad Antidiscrimen y una acción judicial por despido injustificado.

Valga destacar que con esta decisión no desincentivamos la tramitación de reclamaciones laborales ante la Unidad Antidiscrimen del Departamento del Trabajo. Más bien proveemos unas guías claras en cuanto a los efectos que tienen el inicio, notificación, tramitación y resolución de una querella administrativa sobre los términos prescriptivos de otros estatutos laborales. Debido que la Unidad Antidiscrimen sólo tiene jurisdicción de naturaleza investigativa sobre alegaciones de discrimen, orientamos que le corresponderá al empleado efectuar aquellos actos de interrupción de la prescripción que sean suficientes para preservar sus derechos sobre los otros estatutos laborales que pretenda reclamar. Dicha obligación de diligencia cobra mayor importancia al considerar que la interrupción puede ocurrir en un número ilimitado de ocasiones y que se puede lograr con la sencilla, económica y accesible gestión de enviar una

carta a su patrono que cumpla con los requisitos discutidos anteriormente.[30]

En consideración a la facilidad y accesibilidad que nuestro ordenamiento jurídico le concede al empleado para que interrumpa la prescripción, hallamos que en este caso no existen razones de peso que justifiquen variar los requisitos de nuestra doctrina sobre congelación. Entonces, es a la Rama Legislativa, y no a este Tribunal, al que le corresponderá disponer si el término prescriptivo de la causa de acción por despido injustificado de la Ley 80 podrá quedar congelado durante este trámite no judicial. A su vez, aprovechamos para señalar la conveniencia de que se establezca un procedimiento en el Departamento del Trabajo que le permita realizar determinaciones sobre despido injustificado en los casos en los que el empleado haya probado el elemento base de que ocurrió un despido injustificado, pero no haya logrado probar que el despido se debió a razones discriminatorias. Ello tendría el propósito de facilitar la tramitación de las reclamaciones laborales.

## III

International aduce que el Tribunal de Apelaciones erró al concluir que la reclamación por despido injustificado del señor Díaz Santiago al tenor de la Ley 80 no estaba prescrita. Tiene razón.

---

[30] Véase Muñoz v. Ten General, 167 DPR 297, 302 (2006).

Primeramente debemos recordar que en este caso se recurre de una sentencia parcial que desestimó exclusivamente la reclamación por Ley 80. Por ello, no está en controversia que el término prescriptivo de la Ley 100 quedó debidamente interrumpido y suspendido hasta la finalización del pleito ante la Unidad Antidiscrimen, por virtud expresa del Art. 5 de la Ley 100. Ante estos hechos, nuestro examen sobre interrupción y congelación de la prescripción se limitará a lo relacionado con la Ley 80.

Remitiéndonos a los hechos de este caso, el 18 de junio de 2007 el señor Díaz Santiago fue despedido. El 6 de febrero de 2008 presentó una querella ante la Unidad Antidiscrimen y el 11 de febrero de 2008 se notificó la querella a su patrono. El 21 de abril de 2010 la Unidad notificó su determinación de no causa por discrimen. Posteriormente, el 19 de abril de 2011 el señor Díaz Santiago presentó una reclamación judicial por despido injustificado y discrimen en el empleo. Ante esto, la única forma de concluir que la reclamación por Ley 80 del señor Díaz Santiago no estaba prescrita es que resolvamos que su término prescriptivo se interrumpió con la notificación de la querella al patrono y que el término se mantuvo congelado hasta la finalización del procedimiento ante la Unidad Antidiscrimen.

Luego de haber examinado los requisitos sobre interrupción extrajudicial, concluimos que la notificación

de la querella por discrimen que el señor Díaz Santiago presentó ante la Unidad Antidiscrimen tuvo el efecto de **interrumpir** el término prescriptivo de la Ley 80, pues dicha notificación cumplió con todos los requisitos de una reclamación extrajudicial efectiva. Es decir: (1) fue oportuna (el despido ocurrió el 12 de junio de 2007 y la notificación de la querella se efectuó el 11 de febrero de 2008, dentro del término prescriptivo de tres (3) años de la Ley 80); (2) fue realizada por una persona con legitimación (la querella fue presentada por el señor Díaz Santiago y notificada al patrono); (3) el medio utilizado fue idóneo (la notificación por correo de la querella tuvo el efecto de informar efectivamente a International que se presentó una reclamación laboral en su contra), y (4) **existía identidad entre el derecho reclamado y el afectado por la prescripción** (el despido injustificado es un elemento base de una reclamación por discrimen).

Sin embargo, el término prescriptivo de la Ley 80 no quedó "congelado" hasta la finalización del trámite administrativo debido a que no existe identidad de propósitos entre el proceso iniciado ante la Unidad Antidiscrimen —que solo investiga alegaciones de discrimen– y una acción judicial por despido injustificado. Por tal razón, el término prescriptivo de tres (3) años de la Ley 80 comenzó a transcurrir desde que se notificó la querella al patrono, es decir, desde el **11 de febrero de 2008.** Dado que el señor Díaz Santiago no

realizó algún otro acto para interrumpir el término prescriptivo de su causa de acción por Ley 80, esta ya estaba prescrita cuando presentó su reclamación judicial el **19 de abril de 2011.** Erró el Tribunal de Apelaciones al resolver lo contrario.

**IV**

Por los fundamentos expuestos, revocamos la determinación del Tribunal de Apelaciones y ordenamos la desestimación de la reclamación por despido injustificado presentada al amparo de la Ley 80.

Se dictará sentencia de conformidad.


                                        Erick V. Kolthoff Caraballo
                                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alcides Díaz Santiago

    Recurrido

    v.                      CC-2014-18     Certiorari

International Textiles
Products of Puerto Rico; Tech
Products of Puerto Rico, Inc.

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 24 de junio de 2016.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la determinación del Tribunal de Apelaciones y ordenamos la desestimación de la reclamación por despido injustificado presentada al amparo de la Ley 80.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo