Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| SUCESIÓN GUILLERMO DELGADO RODRÍGUEZ Y OTROS<br><br>Apelante<br><br>v.<br><br>MAPFRE PRAICO INS., CORP.<br><br>Apelada | KLAN202400131 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.: HU2022CV01683<br>Salón: 208<br><br>Sobre:<br>Seguros/Incumplimiento de Contrato/Daños/Huracanes Irma y María |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparecen Iván Delgado Ramos, Guillermo Ahmed Delgado Ramos y Clara Ramos Delgado, como miembros de la Sucesión Guillermo Delgado Rodríguez (la Sucesión Delgado Rodríguez o la apelante), y solicitan la revocación de la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Humacao, el 28 de agosto de 2023. Mediante la referida Sentencia, el foro primario declaró Ha Lugar la *Moción de Desestimación* presentada por Mapfre Praico Insurance Company (MAPFRE o la apelada) al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2 y desestimó por prescripción la Demanda sobre incumplimiento de contrato y cobro de dinero presentada por la Sucesión Delgado Rodríguez en contra de la

apelada. Por los fundamentos que pasamos a exponer, revocamos la Sentencia apelada.

El 8 de diciembre de 2022, los miembros de la Sucesión Delgado Rodríguez presentaron Demanda sobre incumplimiento de contrato y cobro de dinero en contra de MAPFRE. En síntesis, alegaron que tenían una póliza de seguro con la apelada y que la propiedad asegurada sufrió daños ocasionados por el huracán María, los cuales estimaron en $211,755.37. El 6 de febrero de 2023, MAPFRE presentó *Moción de Desestimación y de Sentencia Sumaria* en la que solicitó al foro de primera instancia la desestimación de la Demanda presentada por los apelantes, por haberse presentado la reclamación fuera del término prescriptivo acordado de un año, establecido por las partes contractualmente. Además, MAPFRE adujo que la demanda no contenía hechos constitutivos de incumplimiento contractual, por lo que solicitó se dictara sentencia sumaria a su favor.

Mediante Sentencia emitida el 28 de agosto de 2023, notificada el 31 de agosto de ese año, el foro primario declaró Ha Lugar la solicitud de desestimación presentada por MAPFRE al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. R.10.2, y desestimó por prescripción la Demanda sobre incumplimiento de contrato y cobro de dinero presentada por la Sucesión Delgado Rodríguez en contra de MAPFRE. En ajustada síntesis, dicho Tribunal determinó que las partes establecieron un término de un año para que el asegurado presentara cualquier reclamación judicial en contra de la aseguradora, contado a partir de la fecha del descubrimiento de la pérdida, y que a base de este la reclamación presentada por los Apelantes estaba prescrita. Ello puesto que, aunque el término prescriptivo fue interrumpido el 14 de

febrero de 2019 por una Sentencia que desestimó un pleito consolidado con una reclamación ante el Comisionado de Seguros, el término de un año para presentar la Demanda inició en el momento de dicha interrupción y vencía un año después, el 14 de febrero de 2020. Por lo que los apelantes presentaron su reclamación tardíamente, el 8 de diciembre de 2022. Sin embargo, a pesar de concluir que la reclamación judicial de los apelantes estaba prescrita, el Tribunal apelado adoptó determinaciones de hechos propuestas por MAPFRE.

En desacuerdo, el 14 de septiembre de 2023, la Sucesión Delgado Rodríguez presentó *Moción de Reconsideración*. En esencia, alegó que la demanda presentada el 8 de diciembre de 2022 estaba dentro del término prescriptivo de un año por interrupción u acción judicial; en una instancia, por el pleito de clase presentado el **19 de septiembre de 2018**, en el caso con designación alfanumérica SJ2018CV07729 en el que MAPFRE era parte, cuya Sentencia fue notificada el 14 de febrero de 2022 y, en otra, por la desestimación sin perjuicio de 1 de abril de 2022 en el caso HU2018CV00903. Se planteó que el término prescriptivo de un año para presentar su reclamación comenzó a discurrir a partir de la notificación de las sentencias en ambos casos y que tenían hasta el 14 de febrero de 2023 o hasta el 1 de abril de 2023.

Por su parte, MAPFRE presentó *Moción en Cumplimiento de Orden* el 3 de octubre de 2023 y en lo pertinente sostuvo que a raíz de lo resuelto en *Nevárez Agosto v. United Sur. & Indem. Co.*, 209 DPR 346 (2022), aún cuando un pleito de clase no sea certificado como tal, este interrumpe el término acordado en una póliza de seguro para reclamar judicialmente, por lo que reconoció que, en efecto, el término prescriptivo quedó interrumpido hasta un año después de la notificación

de la desestimación del pleito de clase el 14 de febrero de 2022. Por lo cual la Demanda en cuestión estaría en tiempo. Sin embargo, MAPFRE argumentó en la etapa de reconsideración de sentencia que, a pesar de ello, no hubo incumplimiento de contrato y que de las alegaciones de la Demanda no surgen hechos demostrativos de tal alegado incumplimiento por lo que instó al foro primario a concluir que la apelada cumplió con su obligación contractual. Mediante *Orden* emitida y notificada el 16 de enero de 2024, el foro primario declaró *No Ha Lugar* a la solicitud de reconsideración presentada por los apelantes.

Inconformes, los miembros de la Sucesión Delgado Rodríguez presentaron el recurso de epígrafe y sostienen que incidió el foro primario al determinar que la causa de acción presentada en contra de la aseguradora está prescrita. Sobre estos extremos, los apelantes reiteran los fundamentos incluidos en su *Moción de Reconsideración*. Arguyen, además, que erró el foro apelado al adoptar las determinaciones de hechos propuestas por MAPFRE sin que estas estén sustentadas en prueba admisible, contrario a lo provisto en la Regla 36 de Procedimiento Civil.

El 15 de marzo de 2024, la apelada comparece ante nos, mediante *Alegato de MAPFRE.* En esencia, sostiene que aunque coincide con el señalamiento de que la Demanda de los apelantes no está prescrita, por los fundamentos expresados en su *Moción en Cumplimiento de Orden,* esboza que de las determinaciones de hechos adoptadas por el foro primario no surgen hechos demostrativos del alegado incumplimiento de MAPFRE y que solo basta examinar los hechos que el TPI estimó probados

La prescripción es una norma de índole sustantiva que conlleva la extinción de un derecho por la inercia de una parte en ejercerlo dentro del término establecido en ley. *Fraguada Bonilla v. Hosp. Auxilio Mutuo*, 186 DPR 365 (2012). El Tribunal Supremo de Puerto Rico ha indicado en múltiples ocasiones que el propósito de la prescripción extintiva es promover la estabilidad de las relaciones jurídicas al estimular el ejercicio rápido de las acciones y castigar la inercia. *COSSEC et al. v. González López et al*, 179 DPR 793 (2010). El Artículo 1873 del Código Civil de Puerto Rico, dispone que el término prescriptivo se interrumpe entre otras formas, por el ejercicio ante los tribunales. 31 LPRA sec. 5303. En cuanto al efecto interruptor de la presentación de una reclamación judicial, esta tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial. *Díaz Santiago v. International Textiles*, 195 DPR 862 (2016).

La industria de seguros está revestida de un alto interés público y está regulada por lo dispuesto en el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq.* La Ley Núm. 242-2018 enmendó el *Código de Seguros* para codificar las protecciones que el derecho proveía a los consumidores tras el retraso por parte de las aseguradoras en las reclamaciones presentadas tras el paso de los huracanes Irma y María, para una rápida y mejor respuesta de la industria de seguros para las víctimas de dichos eventos. *Véase Exposición de Motivos* de la Ley Núm. 242-2018. A esos efectos, la Ley Núm. 242-2018 enmendó el Art.11.190 del Código de Seguros, 26 LPRA sec.1119 en cuanto a la

prescripción de las acciones. Dicha enmienda prohíbe cualquier cláusula o estipulación en un contrato o póliza de seguro que limite, a un término menor de un (1) año, el período de tiempo que tiene una persona asegurada para entablar una acción judicial en los tribunales en contra de una aseguradora para hacer valer sus derechos al amparo de una póliza de seguro. 26 LPRA sec. 1119(2). Asimismo, estableció varias formas de interrupción del término prescriptivo extrajudicialmente mediante la acción directa del dueño de la propiedad para recuperar daños bajo una póliza de seguro. 26 LPRA sec. 1119 (4)-(6). La notificación de reclamación a la compañía aseguradora o su representante autorizado, o la aceptación de la notificación de reclamación por parte de la compañía de seguros interrumpen el mencionado término prescriptivo. *Id*.

En lo pertinente, la interrupción del término prescriptivo mediante la presentación de un pleito de clase procede, conforme a la doctrina establecida en *Nevárez Agosto v. United Sur. & Indem. Co.*, 209 DPR 346 (2022), aun cuando la clase no se haya certificado como tal, por lo que interrumpe el término acordado en una póliza de seguro para reclamar judicialmente. Por consiguiente, conforme a la doctrina vigente, según reconocido por MAPFRE en su *Moción en Cumplimiento de Orden* durante la etapa de reconsideración de Sentencia ante el foro primario, resolvemos que en efecto la Demanda presentada por los apelantes no está prescrita, toda vez que el término prescriptivo de un año fue interrumpido el 19 de septiembre de 2018 con la presentación del referido pleito de clase y comenzó a discurrir nuevamente a partir de la notificación de su desestimación el 14 de febrero de 2022. Por tanto, la Demanda presentada en contra de

MAPFRE el 8 de diciembre de 2022 se presentó dentro del término prescriptivo de un año acordado. En la medida en que el foro primario adjudicó el caso en función de la prescripción de la causa como única base de su Sentencia, procede revocar dicho dictamen sin considerar los aspectos de la controversia a los que el apelado nos invita que aún no han sido adjudicados en primera instancia por el foro recurrido.

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, revocamos la Sentencia apelada le devolvemos al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones