Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| RAQUEL RAMÍREZ BENÍTEZ<br><br>Peticionaria<br><br>v.<br><br>CONST CONTROL COMPANY, INC.<br><br>Recurrido | KLCE202301410 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2022CV03068 (604)<br><br>Sobre: Despido Injustificado (Ley 80 y otros) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece ante nos Cost Control Company, Inc. ("Cost Control" o "Peticionario"), mediante *Petición de certiorari* presentada el 13 de diciembre de 2023. Nos solicita que revoquemos la *Resolución* emitida y notificada el 12 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce ("foro primario" o "foro *a quo*"). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de desestimación presentada por el Peticionario. En desacuerdo, el Peticionario presentó una solicitud de reconsideración, la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida y notificada el 16 de noviembre de 2023.

Por los fundamentos expuestos a continuación, **_expedimos_** el auto de *certiorari* y **_modificamos_** la *Resolución* recurrida y así modificada, confirmamos.

Número Identificador

SEN(RES)2024_____

**I.**

Los hechos que inician la presente controversia se remontan al **9 de febrero de 2022**, cuando la señora Raquel Ramírez Benítez ("Sra. Ramírez Benítez" o "Recurrida") instó una *Querella* contra el Peticionario sobre despido injustificado.[1] En síntesis, alegó que era empleada de la compañía Peticionaria desde julio de 2018, hasta que fue despedida injustificadamente el **2 de agosto de 2021**. Sostuvo que su despido fue ilegal y constituía una violación a la *Ley de Indemnización por Despido sin Justa Causa,* Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.,* ("Ley Núm. 80"). Por tales razones, solicitó una indemnización ascendente a $7,801.09, más el pago de costas, gastos y honorarios de abogado.

Transcurridos varios trámites procesales que son innecesarios mencionar, el **15 de septiembre de 2022, notificada al próximo día,** el foro primario dictó *Sentencia* en la que acogió la solicitud de desistimiento presentada por la parte Recurrida.[2] En consecuencia, desestimó sin perjuicio la querella.

Posteriormente, el **6 de noviembre de 2022**, la Sra. Ramírez Benítez instó una segunda *Querella*[3] contra Cost Control al amparo del procedimiento sumario instituido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.,* ("Ley Núm. 2").[4] Sin embargo, en esta ocasión añadió una causa de acción de discrimen por edad, al amparo de la *Ley contra*

---

[1] Véase el caso PO2022CV00279 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC"). Apéndice *certiorari*, págs. 69-70.
[2] Apéndice *certiorari,* pág. 77.
[3] Caso Civil Número PO2022CV03068. Apéndice *certiorari*, págs. 3-7.
[4] Mediante *Resolución* emitida el 6 de febrero de 2023, notificada al próximo día, el foro primario ordenó que el caso se continuara ventilando como uno ordinario. Apéndice *certiorari,* pág. 17.

*el Discrimen en el Empleo*, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.,* ("Ley Núm. 100").

Señaló que, a la fecha de su despido, tenía 46 años y fue reemplazada en su puesto por una persona de menor edad. Indicó que la compañía incurrió en un patrón de discrimen por su edad, en violación a la Ley Núm. 100, *supra.* A su vez, añadió una causa de acción de daños, en la que alegó que los incidentes provocados por la culpa y/o negligencia de los empleados del Peticionario le ocasionaron daños emocionales y angustias mentales. Esgrimió que luego del despido le remitió una carta al presidente de Cost Control, a lo fines de que reconsiderara su determinación, la cual nunca fue contestada.[5] Por tales razones, solicitó la reinstalación de su empleo con todos sus beneficios y derechos, más el pago de sus haberes y/o el *back paid.* Solicitó, además, una cuantía de lucro cesante y/o daños emocionales y económicos que estiman a $500,000.00.

El 18 de enero de 2023, Cost Control presentó su *Contestación a Querella.*[6] Mediante esta, negó prácticamente todas las alegaciones de la querella. Arguyó que la Recurrida fue amonestada en tres (3) ocasiones, lo cual tuvo como desenlace su despido. Sostuvo que el despido de la Sra. Ramírez Benítez fue justificado, pues respondió a su incapacidad para cumplir con las políticas de la compañía e incumplimientos crasos con sus deberes.

En cuanto a la causa de acción de discrimen y daños, señaló que la primera querella instada ante el foro primario (PO2022V00279) y la querella presentada ante el Departamento del Trabajo y Recursos Humanos por la Recurrida, no se

---

[5] Cabe destacar que en el expediente apelativo no se incluyó la aludida carta.
[6] Apéndice *certiorari*, págs. 8-16.

incluyeron alegaciones relacionadas a daños o discrimen. Por lo cual, al momento de la presentación de la segunda querella, estas causas de acción estaban prescritas.

Así las cosas, el 19 de septiembre de 2023, Cost Control presentó *Solicitud de Desestimación.*[7] Por virtud de esta, solicitó la desestimación de la reclamación en su contra, puesto que estaban prescritas. En cuanto a la reclamación de despido injustificado, señaló que el despido se efectuó el 2 de agosto de 2021 y la primera querella se presentó dentro del término dispuesto en Ley. No obstante, la reclamación se desistió sin perjuicio mediante *Sentencia* emitida el 15 de septiembre de 2022, notificada al próximo día. En vista de que la segunda querella se presentó el 6 de noviembre de 2022 y no se incluyeron alegaciones específicas relacionadas al despido injustificado, dicha causa de acción esta prescrita.

Sobre la reclamación de discrimen, alegó que, en la primera querella presentada por la Recurrida (PO2022CV00279), solo se incluyeron alegaciones sobre despido injustificado y nada se mencionó sobre las alegadas acciones de discrimen. Siendo así, al momento de la presentación de la segunda querella, dichas reclamaciones ya estaban prescritas. Por tales razones, solicitó la desestimación de la querella al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R.10.2 (5).

En respuesta, el 9 de octubre de 2023, la Sra. Ramírez Benítez presentó *Oposición a Desestimación.* En esta, arguyó que no procedía la desestimación de la reclamación, puesto que la primera querella contenía alegaciones suficientes para interrumpir el término prescriptivo de cualquier otra reclamación

---

[7] Apéndice *certiorari,* págs. 19-24.

laboral. En específico, señaló que en la alegación número 12 de la primera querella se reservó el derecho a reclamar a personas adicionales y levantar causas de acción adicionales, como la de discrimen. Sostuvo que la Regla 6.1 de Procedimiento Civil, *supra,* R.6.1, no exige que se presente detalladamente en la demanda todos los hechos que dan base a una reclamación. En cuanto a la reclamación de despido injustificado, expuso que en la segunda querella no tenía que exponer alegaciones específicas a esos fines, ya que en la causa de acción de discrimen denota que el despido fue ilegal e injustificado.

Evaluados los argumentos presentados por las partes, el 12 de octubre de 2023, el foro *a quo* emitió y notificó la *Resolución*[8] recurrida, en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por el Peticionario.

En desacuerdo, el 18 de octubre de 2023, el Peticionario presentó *Solicitud de Reconsideración,* la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida y notificada el 16 de noviembre de 2023.

Inconforme aún, el 13 de diciembre de 2023, Cost Control acudió ante esta Curia mediante *Petición de certiorari,* en la que le imputó al foro primario la comisión de los siguientes errores:

> Erró el TPI al no desestimar la querella laboral a pesar de que las causas de acción levantadas por la querellante han prescrito.
>
> Erró el TPI al no resolver que carece de jurisdicción para atender la querella de epígrafe por prescripción.

El 19 de diciembre de 2023, esta Curia emitió *Resolución* en la que le concedió un término de diez (10) días a la parte Recurrida para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar la determinación impugnada. En

---

[8] *Íd,* pág. 48B.

cumplimiento con lo ordenado, el 16 de enero de 2024, la parte Recurrida presentó *Alegato en oposición y en cumplimiento de orden mostrando causa.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**

***A. Certiorari***

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, **puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia".** *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar

a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020) citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio;** y (6) dejar de acumular una parte indispensable. (Énfasis nuestro).

Al evaluar una solicitud desestimatoria, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008). Cabe destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

Ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 570 (2001).

El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

### C. Regla 6.1 de Procedimiento Civil

La Regla 6.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Una alegación que exponga una solicitud de remedio contendrá: (1) Una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza.

La precitada Regla establece unos requisitos simples para la redacción de una demanda. Se trata meramente de un escrito que incluya "[u]na relación **sucinta y sencilla** de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio. Regla 6.1 (a) de Procedimiento Civil, *supra,* R.6.1(a). (Énfasis nuestro). Es decir, una alegación en la que se solicite un remedio, como por ejemplo una demanda, deberá incluir lo siguiente: (1) una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado, y (2) la solicitud del remedio que se alega debe concederse. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1062 (2020). "[N]o tienen que exponerse detalladamente en la demanda todos los hechos que dan base a la reclamación. *León Torres v. Rivera Lebrón*, 204 DOR 20, 40 (2020).

Ahora bien, es norma reiterada que **las alegaciones se deberán interpretar de manera conjunta y liberalmente a favor de la parte demandante, a los fines de hacer justicia.** *Íd,* citando a *Torres, Torres v. Torres et al.,* 179 DPR 481 (2010). "[L]a

finalidad esencial de las alegaciones es alertar a la parte adversa en el proceso sobre los hechos y las reclamaciones a las que debe hacer frente en el transcurso del trámite judicial." *Íd.* La información provista en la demanda debe contener los requisitos mínimos de notificación, según requiere el debido proceso de ley.

En cuanto a las garantías sobre el debido proceso de ley, nuestro máximo Foro ha advertido que el propósito de las alegaciones es **"notificar a la parte contraria, a grandes rasgos, de las reclamaciones en su contra para, de este modo, brindarle la oportunidad de comparecer al proceso y defenderse, si es que lo desea".** (Énfasis nuestro). *Íd*, págs. 40-41. Véase, además, *Torres, Torres v. Torres et al., supra.* Por lo cual, la demanda debe incluir un mínimo de detalles que le informen a la parte contraria sobre los alegados actos lesivos que causaron el alegado perjuicio.

### D. Prescripción

La prescripción de las acciones **es un asunto de derecho sustantivo**, no procesal, que persigue *"evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos." García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). Véase, además, *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). El Artículo 1189 del Código Civil de Puerto Rico, 31 LPRA sec. 9481, dispone que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo". A su vez, el aludido artículo añade que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". *Íd.* Sobre ello, nuestro Tribunal Supremo ha establecido que, **en ausencia de un acto interruptor, el titular de una causa de acción**

**pierde su derecho a instarla si no la ejerce en el plazo que establece la Ley.** *Conde Cruz v. Resto Rodríguez, supra,* pág. 1067.

Existen tres (3) maneras de interrumpir la prescripción, a saber: (1) la presentación de la acción judicial correspondiente, (2) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor, o (3) el reconocimiento de la obligación por parte del deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo. (Énfasis nuestro). Art. 1197 del Código Civil de Puerto Rico, 31 LPRA sec. 9489. Véase, además, *Conde Cruz v. Resto Rodríguez, supra.*

La prescripción extintiva promueve que las personas ejerzan sus causas de acción con diligencia, lo que fomenta la estabilidad en las relaciones y el tráfico jurídico. *SLG Haedo-López v. SLG Roldán-Rodríguez, supra,* pág. 336.

> Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. **De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba.** (Énfasis nuestro). *Conde Cruz v. Resto Rodríguez, supra.*

### E. Término prescriptivo en las reclamaciones laborales al amparo de la Ley Núm. 80, supra y la Ley Núm. 100, supra

Nuestro Máximo Foro ha establecido que la Ley Núm. 80, *supra,* y la Ley Núm. 100, *supra,* son estatutos laborales de carácter reparador. Sin embargo, ambos cuerpos legales contienen serias diferencias en cuanto los propósitos que persiguen y los remedios que proveen. *Díaz Santiago v. International Textiles,* 195 DPR 862 (2016).

Por un lado, la Ley Núm. 80, *supra,* fue aprobada con el fin primordial de proteger de una forma más efectiva el derecho del

obrero puertorriqueño a la tenencia de su empleo. A su vez, esta pieza legislativa se promulgó para otorgar unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 424 (2013). Su propósito proteger el derecho de los trabajadores ante acciones "arbitrarias y caprichosas" de los patronos. En ese sentido, esta normativa impone el pago de una indemnización, conocida como "mesada", al patrono que sin justa causa despida a un empleado que es contratado por un periodo de tiempo indeterminado. *Indulac v. Unión*, 207 DPR 279, 298 (2021); *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). Según dispone el Art. 1 de la referida Ley, una reclamación de despido injustificado requiere, entre otras condiciones, que se demuestre que el empleado fue despedido y que no medió justa causa. 29 LPRA sec. 185a.

De otro lado, la Ley Núm. 100, *supra,* tiene como fin sancionar el discrimen en el empleo, prohibiendo que un patrono despida, suspenda o discrimine a un empleado por las clasificaciones allí protegidas. *Díaz Santiago v. International Textiles*, *supra*, págs. 873-874; 29 LPRA sec. 146. "Los elementos esenciales para una causa de acción por despido discriminatorio de la Ley 100 son los siguientes: el empleado fue despedido, **sin justa causa** y existe la modalidad del discrimen alegado." *Íd.* (Énfasis en original).

En cuanto a los términos prescriptivos, ambas reclamaciones han instituido un término de un (1) año para instar una causa de acción al amparo de dichas protecciones estatutarias. Veamos.

El Art. 12 de la Ley Núm. 80, *supra,* establece lo siguiente:[9]

> Los derechos que concede esta Ley prescribirán por el transcurso de un (1) año **a partir de la fecha efectiva del despido mismo.** Las reclamaciones por despidos realizados previo a la fecha de vigencia de la "Ley de Transformación y Flexibilidad Laboral" quedarán sujetas al término de prescripción previamente en vigor. 29 LPRA sec. 185l. (Énfasis nuestro).

En cuanto a las reclamaciones instadas al amparo de la Ley Núm. 100, *supra,* el término prescriptivo es de un (1) año y podrá ser interrumpido "con la reclamación extrajudicial, con la radicación de la acción judicial correspondiente o por el reconocimiento de la deuda por parte del patrono o de su agente autorizado". 29 LPRA sec. 150. Véase, además, *Díaz Santiago v. International Textiles, supra.*

Ahora bien, el Tribunal Supremo ha resuelto que existe identidad entre el despido discriminatorio y una reclamación de despido injustificado. Ello, debido a que el despido injustificado es un elemento esencial de la causa de acción por despido discriminatorio. **"[P]ara que prospere una reclamación por discrimen[,] el empleado debe haber probado el hecho básico que fue despedido sin justa causa."** *Íd,* pág. 876. (Énfasis nuestro).

Sin embargo, en *Díaz Santiago v. International Textiles, supra,* se resolvió lo siguiente:

> [...] la identidad de derechos entre el despido discriminatorio y el despido injustificado no opera a la inversa, pues el despido discriminatorio no es un elemento esencial del despido injustificado. Precisamente, así lo expresamos en *Díaz v. Wyndham Hotel Corp.,* 155 DPR 364, 387 (2001), cuando señalamos que "no todo despido injustificado es discriminatorio a su vez; y, por el contrario, **todo despido discriminatorio sí es injustificado".** En consecuencia, **la notificación de una reclamación por despido injustificado no tendrá el efecto de interrumpir el término prescriptivo de una reclamación por discrimen, salvo que la notificación**

---

[9] Mediante la *Ley de Transformación y Flexibilidad Laboral,* Ley Núm. 4 de 26 de enero de 2017, 29 LPRA sec. 121 *et seq.,* se enmendó el término para instar reclamaciones al amparo de la Ley Núm. 80, supra, a un (1) año.

**haya incluido alegaciones de discrimen.** (Énfasis y subrayado nuestro).

### III.

Por estar íntimamente relacionados, procedemos a resolver los señalamientos de error de manera conjunta. Veamos.

En el caso de autos, la parte Peticionaria nos invita a que revoquemos una *Resolución* emitida por el foro primario, en la que denegó desestimar la reclamación de epígrafe. El Peticionario nos alega que la causa de acción de despido injustificado y la de discrimen están prescritas, toda vez que la parte Recurrente las radicó fuera del término prescriptivo de un (1) año. Fundamenta su alegación en que, de conformidad con el caso *Díaz Santiago v. International Textiles*, *supra,* la primera querella instada por la Sra. Ramírez Benítez sobre despido injustificado, no tuvo el efecto de interrumpir el término prescriptivo de la reclamación de discrimen. En cuanto a la causa de acción de despido injustificado, señala que en la segunda querella instada por la Recurrida no se incluyeron alegaciones específicas sobre despido injustificado. Por tales razones, nos solicita que desestimemos ambas causas de acción.

Por su parte, la Recurrida sostiene que actuó correctamente el foro primario al denegar la desestimación de la querella. En primer lugar, señala que el Artículo 2.18 de la *Ley de Transformación y Flexibilidad Laboral,* Ley Núm. 4 de 26 de enero de 2017, 29 LPRA sec. 122q, abrió la puerta para que cualquier demanda que incluya acciones derivadas del contrato laboral, se interrumpan para todos los propósitos. Añade que la primera querella contiene alegaciones suficientes para interrumpir el término jurisdiccional para cualquier reclamación laboral y cumplen con los estándares establecidos en la Regla 6.1 de

Procedimiento Civil, *supra.* En cuanto al caso *Díaz Santiago v. International Textiles, supra,* arguye que es distinguible al de autos y no procede la desestimación.

Tenemos ante nuestra consideración una controversia relacionada a si el foro primario ostenta jurisdicción para atender la querella instada por la parte Recurrida. Por lo cual, nos corresponde determinar si, tanto la causa de acción de despido injustificado como la de discrimen, están prescritas. A esos fines, procedemos a exponer un resumen de los eventos procesales más importantes, para una mejor compresión de la controversia.

Según surge del expediente, la Sra. Ramírez Benítez era empleada de Cost Control desde julio de 2018 hasta que fue despedida el **2 de agosto de 2021**. En desacuerdo con el actuar de su patrono, el **9 de febrero de 2022**, instó su **primera querella** ante el foro primario sobre *despido injustificado*. Posteriormente, el 14 de septiembre de 2022, la Recurrida presentó un escrito intitulado *Desistimiento*, solicitando al foro primario que autorizara el desistimiento sin perjuicio de la reclamación. Mediante *Sentencia* emitida el **15 de septiembre de 2022, notificada al próximo día,** el foro primario decretó el desistimiento sin perjuicio de la querella. Así las cosas, el **6 de noviembre de 2022**, la Recurrida acudió nuevamente al foro primario mediante la presentación de una **segunda querella.**

Como puede observarse, la parte Recurrida acudió al foro primario en dos ocasiones a reclamar compensación por su alegado despido ilegal, que también estima fue discriminatorio. Sus reclamos están apoyados en la Ley Núm. 80, *supra*, y la Ley Núm. 100, *supra*. Ahora bien, es meritorio destacar que ambos cuerpos legales tienen propósitos distintos. Por tanto, al instar

una reclamación por despido injustificado y discriminatorio, habrá que cumplir con distintos parámetros dispuestos en cada Ley especial.

En las reclamaciones instadas al amparo de la Ley Núm. 80, *supra*, la parte demandante deberá demostrar que fue despedido y que no medió justa causa. 29 LPRA sec. 185a. De otro lado, las reclamaciones bajo la Ley Núm. 100, *supra*, habrá que demostrar que el empleado fue despedido, sin justa causa y que existe una modalidad del discrimen protegida por ley. En cuanto al término prescriptivo, ambos cuerpos legales disponen que este será de un (1) año, contados a partir de la fecha del despido. *Díaz Santiago v. International Textiles, supra.* Véase, además, 29 LPRA sec. 150 y 1851.

En el presente caso, no existe controversia que la Recurrida fue despedida el **2 de agosto de 2021.** A partir de esta fecha, la parte Recurrida contaba con un (1) año para instar una reclamación de despido injustificado y discrimen. Dentro del término, el **9 de febrero de 2022**, la Recurrida instó su primera querella, en la que alegó lo siguiente:

> [...].
>
> 8. El día 2 de agosto de 2021, la parte querellada [Cost Control] despidió a la querellante de forma ilegal e injustificada.
>
> 9. La actuación de la querellada comprende una violación a la Ley 80 del 30 de mayo de 1976, según enmendada. Dicho despido, al ser sin justa causa, concede a los querellantes una indemnización que por despido injustificado tiene derecho a recibir.
>
> 10. A tenor con dicha ley, se traduce para la querellante en una indemnización ascendente a $7,801.09, sin renunciar en su día a probar una cuantía mayor a la reclamada.
>
> 11. Conforme a la ley, la querellante solicita el pago de las costas, gastos y honorarios de abogado a ser pagados a su favor por la parte querellada.
>
> 12. Se incluye como parte querellada a Fulano de Tal, querellado de nombre desconocido, a cualquier persona jurídica o natural que pueda serle responsable al querellante por lo reclamado.

Luego de un examen liberal y conjunto de todas las alegaciones contenidas en la querella, notamos que la Recurrida instó una reclamación **exclusivamente de despido injustificado**. Contrario a lo que alega la Recurrida, la querella no contiene alegación alguna que dé lugar a notificar a Cost Control que se pretende reclamar también bajo las disposiciones de la Ley Núm. 100, *supra*. Resolver lo contrario violaría el debido proceso de ley de la parte Peticionario. Recordemos que el debido proceso de ley requiere que la información contenida en la demanda cumpla con unos requisitos mínimos de notificación al demandado, para así brindarle la oportunidad de comparecer al proceso y defenderse, si es que lo desea. *León Torres v. Rivera Lebrón, supra.* Además, no nos convence las alegaciones de la parte Recurrida sobre que la información contenida en la querella tuvo el efecto de interrumpir el término para cualquier reclamación laboral, puesto que era necesario que el querellado (Cost Control) pudiera entender que también se estaba alegando que el despido fue discriminatorio. Por tanto, concluimos que la única causa de acción que contiene la querella presentada por la parte Recurrida el 9 de febrero de 2022 era exclusivamente de despido injustificado.

Ahora bien, el Peticionario alega que la querella de epígrafe esta prescrita en su totalidad. En cuanto a la reclamación al amparo de la Ley Núm. 100, *supra,* somos del criterio que la misma esta prescrita. Según mencionamos, la Recurrida fue despedida el **2 de agosto de 2021.** A partir de esta fecha, la perjudicada contaba con un término de un (1) año para instar una reclamación de discrimen por edad. Este término podía ser interrumpido mediante la presentación de una reclamación

extrajudicial, la radicación de una acción judicial o el reconocimiento de deuda por parte del patrono o su agente autorizado. 29 LPRA sec. 150.

En el presente caso, la Recurrida no presentó evidencia tendente a demostrar que el término prescriptivo fue interrumpido mediante el reconocimiento de la deuda por parte del patrono o por una reclamación extrajudicial. Luego del despido, el 9 de febrero de 2022, la Recurrida instó una querella exclusivamente sobre despido injustificado. Conforme a nuestro ordenamiento, la notificación de una reclamación por despido injustificado no tendrá el efecto de interrumpir el término prescriptivo de una reclamación por discrimen, salvo que la notificación haya incluido alegaciones de discrimen. *Díaz Santiago v. International Textiles*, *supra.* Por tanto, la presentación de la querella de despido no tuvo el efecto de interrumpir el término para fines de una reclamación de Ley Núm. 100, *supra.* A pesar de que el **6 de noviembre de 2022**, la Recurrida presentó una segunda querella, en la que alegó actos de discrimen de parte de Cost Control, la causa de acción de Ley 100, *supra*, había prescrito y procede su desestimación. En virtud del análisis que antecede, resolvemos que erró el foro primario al no desestimar la causa de acción de discrimen al amparo de la Ley Núm. 100, *supra.*

En cuanto a la reclamación de despido injustificado, el Peticionario alega que, de conformidad con *Díaz Santiago v. International Textiles*, *supra,* la querella de epígrafe esta prescrita. Veamos.

Como establecimos anteriormente, el despido de la Recurrida se efectuó el 2 de agosto de 2021 y la primera querella

sobre despido injustificado se presentó el 9 de febrero de 2022, dentro del término prescriptivo. Mediante *Sentencia* emitida el 15 de septiembre de 2022 y notificada al próximo día, el foro primario decretó el desistimiento sin perjuicio de la querella. Producida la interrupción por virtud de la presentación de una acción judicial, comenzó a transcurrir nuevamente el cómputo de un año para instar la reclamación. Véase 31 LPRA sec. 9489. Es decir, **a partir del 16 de septiembre de 2022,** la Recurrida contaba con un (1) año para reclamar nuevamente su acción.

En efecto, el 6 de noviembre de 2022, la Recurrida presentó una segunda querella, la cual contenía las siguientes alegaciones:

[…].

7. La querellante fue despedida por COST de su empleo el 2 de agosto de 2021.

8. A la fecha de su despido, la querellante tenía 46 años de edad, edad protegida.

9. La querellante rindió labores para COST por [t]res (3) años.

10. La querellante trabajaba entre 40 horas semanales, y en ocasiones horas extras.

11. El salario del querellante era a razón de $10.27 la hora.

12. Eso equivale a $21,361.60 anual, $1,780.13 mensual, y/o $410.80 semanal.

13. La querellada comenzó un patrón de discrimen contra la querellante por su edad.

14. El 1 de abril de 2021, estando la querellante en la oficina de la Administradora del Residencial Juan Ponce de León en Ponce, Puerto Rico, con la administradora Odalis Colón, esta última le profirió de manera despectiva, negativa, humillante, ofensivamente y discriminatoriamente diciéndole que dejara de estar hablando así porque era una vieja ya que el tono de voz de una vieja le molesta.

15. La querellante en ese momento que estaba humillada, se sentía mal, nerviosa, con miedo, entre otros sentimientos, le indicó a Odalis Colón que porqué me dices eso así, y Odalis Colón le contestó que podía quejarse donde quisiera que allí la que mandaba era ella.

16. No conforme con eso, el 7 de abril de 2021, Odalis Colón, le profirió de manera despectiva, negativa, humillante, ofensivamente y discriminatoriamente diciéndole que ese pelo que tienes hoy es como de vieja.

17. Ese mismo día (7 de abril de 2021) y después que la querellante había ponchado su salida del empleo,

Odalis Colón la citó a su oficina, indicándole de manera amenazante, que tenía que enviar unos correos electrónicos a los morosos, diciéndole que eso lo hace fácil hasta una niña, implicando que ella como vieja se tardaría.

18. El 3 de mayo de 2021, Odalis Colón estando disponible ella y la subadministradora no depositaron en el Banco los dineros que correspondía, incurriendo en un pago tardío el 4 de mayo de 2021.

19. El 11 de mayo de 2021 la querellante no pudo cuadrar los dineros obtenidos de renta por culpa de que Odalis Colón no le había entregado $54.00 pagados por un residente que ella mantuvo.

20. La querellante después del despido, al otro hizo una carta al Presidente indicándole las situaciones ocurridas como una reconsideración.

21. Por represalias y/o el discrimen a la querellante, los querellados nunca le contestaron esa carta a la querellante.

22. La querellada fue sustituida en su empleo por una persona de menor edad.

23. Todos los actos anteriores fueron actos de discrimen, represalias y/o en daños y perjuicios de los querellados contra la querellante, en violación a la [L]ey 100 del 30 de junio de 1959 según enmendada ([L]ey 100), por su edad.

24. Como consecuencia de todo lo anterior provocados por la culpa y/o negligencia de los querellados, la querellante sufrió intensos daños emocionales y/o angustias mentales, por los actos y el despido discriminatorio en violación a la ley 100.

25. Todos y cada uno de los daños sufridos por la querellante, se debieron única y exclusivamente por la culpa y/o negligencia de los querellados consistente en mantener el ambiente hostil, los actos de discrímenes por edad, las represalias y/o el despido ilegal en violación de la ley 100 de Puerto Rico antes mencionada.

26. Todos estos daños por ley tienen que ser compensados al doble.

27. Entre las conductas impropias, culposas, y/o negligentes de los querellados contra la querellante estaba que no atendieron las quejas presentadas verbalmente y por escrito por la querellante.

Las alegaciones contenidas en esta querella denotan que la Recurrida reclama ser despedida de su empleo, sin justa causa y discriminatoriamente. Según fue resuelto en *Díaz Santiago v. International Textiles*, *supra,* existe identidad entre el despido discriminatorio y una reclamación de despido injustificado. Ello, debido a que **el despido injustificado es un elemento esencial de la causa de acción por despido discriminatorio.** Contrario

a lo que alega el Peticionario, aclaramos que el caso *Díaz Santiago v. International Textiles*, *supra,* es distinguible del de autos, toda vez que el análisis del primero se centra en si una reclamación de discrimen **ante una agencia administrativa** tenía el efecto de interrumpir el término prescriptivo de una causa de acción de despido injustificado.

A pesar de que el Peticionario nos expone que la reclamación esta prescrita, somos del criterio que la información incluida en la querella de epígrafe contiene los requisitos mínimos para que Cost Control pueda entender que se esta reclamando un despido injustificado y discriminatorio al amparo de la Ley 100, *supra*, y la Ley Núm. 80, *supra*. El Tribunal Supremo ha resuelto que "para que prospere una reclamación por discrimen[,] el empleado debe haber probado el hecho básico que fue despedido sin justa causa." *Díaz Santiago v. International Textiles*, *supra*, pág. 876. En vista de ello, concluimos que las alegaciones de la querella de epígrafe contienen alegaciones suficientes que den lugar a entender que se está ejerciendo una acción al amparo de la Ley Núm. 80, *supra*.

No debemos perder de perspectiva que ante una solicitud de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, *supra*. Por lo tanto, resolvemos que actuó correctamente el foro primario al no desestimar la causa de acción bajo el palio de la Ley Núm. 80, *supra*.

**IV.**

Por lo fundamentos antes expuestos, ***expedimos*** el auto de *certiorari* y ***modificamos*** la *Resolución* recurrida. En consecuencia, desestimamos con perjuicio la causa de acción de

discrimen al amparo de la Ley Núm. 100, *supra.* A su vez, confirmamos el dictamen recurrido en cuanto a que la causa de acción de despido injustificado bajo la Ley Núm. 80, *supra*, no está prescrita. Así, devolvemos el caso ante el foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones