Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS ORRACA SANTANA<br><br>Parte Apelante<br><br>v.<br><br>ALEGRE EQUINE AIR TRANSPORT, CORP.; GREGORY JACKSON WING, LINDA JACKSON BURRIS Y LA SOCIEIDAD LEGAL DE GANANCIALES compuesta por ambos, John Doe, Jane Doe, Personalidad jurídica XYZ, Aseguradora ABC<br><br>Parte Apelada | TA2025AP00507 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CN2019CV00502<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez[1].

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de enero de 2026.

Comparece el Sr. Luis Orraca Santana (señor Orraca Santana) mediante recurso de apelación y solicita que revoquemos parcialmente la *Sentencia* emitida el 1 de agosto de 2025, y notificada el 12 de agosto de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina, en tanto esta declaró *no ha lugar* la demanda por prescripción de la causa de acción.[2]

Evaluado el escrito de apelación y los documentos que forman parte del expediente, se revoca dicha determinación, se resuelve que el señor Orraca Santana presentó oportunamente la demanda del presente caso y, por tanto, se restituye la demanda y se devuelve el

---

[1] Véase Orden Administrativa OATA-2025-217 del 4 de noviembre de 2025 en la que se modifica la integración del Panel debido a que el Hon. Félix R. Figueroa Cabán dejó de ejercer funciones como Juez del Tribunal de Apelaciones.
[2] En la aludida sentencia, el TPI también declaró *no ha lugar* la reconvención por ausencia de prueba. Empero, por no ser objeto de esta apelación, este Tribunal no pasará juicio respecto a lo resuelto por el TPI en cuanto a la reconvención.

caso al foro sentenciador para la continuación de los procedimientos, acorde con lo aquí resuelto.

## I.

El 15 de octubre de 2019, el señor Orraca Santana presentó una demanda sobre daños y perjuicios contra Alegre Equine Air Transport Corp., Gregory Jackson Wing y Linda Jackson Burris (en conjunto, Alegre). En síntesis, alegó que Alegre fue negligente en el transporte de un caballo de carreras de nombre "Serie Mundial", propiedad del señor Orraca Santana y que, a raíz de dicha negligencia, el caballo tuvo que ser sacrificado. Según las alegaciones números 5, 6 y 7 de la demanda:

> 5. El 25 de agosto de 2017, el demandante había contratado con los demandados para que transportaran el ejemplar de nombre "Serie Mundial" desde Hipódromo Camarero en Canóvanas Puerto Rico hacia la finca conocida como "Las Camelias".
>
> 6. Los demandados colocan al ejemplar "Serie Mundial" en el transporte, una vez inician la marcha el piso del transporte colapsa y/o estaba roto y la pata del ejemplar se fue por dicho boquete y/o al colapsar el piso, causando una grave lesión al ejemplar por lo que tuvo que ser sacrificado.
>
> 7. Lo anteriormente descrito se debe única y exclusivamente a la negligencia de los demandados en no mantener equipo adecuado y en condiciones para transportar estos animales, causando la muerte del ejemplar.[3]

El señor Orraca Santana adujo, además, que, por la culpa y negligencia de Alegre, perdió la inversión que había realizado en el ejemplar, ascendente a $34,900.00, y dejó de devengar ingresos de aproximadamente $150,000.00, que le hubiera producido dicho ejemplar. Añadió que la situación le ocasionó angustias mentales y morales valoradas en $50,000.00. Por lo anterior, reclamó que se condenara a Alegre al pago de $284,900.00, más una cantidad no menor de $10,000.00 por concepto de gastos y honorarios de

---

[3] Véase, expediente electrónico del caso CN2019CV00502 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 1, *Demanda*.

abogado, junto a cualquier otro pronunciamiento que en derecho procediera.[4]

El 27 de enero de 2020, Alegre presentó su *Contestación a demanda,* en la que incluyó una *Reconvención.* En la responsiva, negó las alegaciones en su contra y planteó sus defensas afirmativas, entre ellas, que la reclamación había prescrito, que la demanda no aducía hechos que justificaran la concesión de algún remedio, que el 25 de agosto de 2017 no existió contrato alguno entre las partes para el trasporte del ejemplar "Serie Mundial", que Alegre nada tuvo que ver con la decisión de eutanasia del ejemplar, que el señor Orraca Santana no agotó remedios administrativos y caso fortuito o fuerza mayor.[5]

En su reconvención, Alegre instó una reclamación con dos causas de acción; una en cobro de dinero y otra por difamación y/o libelo.[6]

El 25 de octubre de 2024, el TPI dictó *Resolución*[7] mediante la cual declaró *no ha lugar* a una *Moción de desestimación* presentada por Alegre que estuvo fundamentada en la doctrina de jurisdicción primaria, según la cual correspondía a la Administración de la Industria y el Deporte Hípico atender en primera instancia el reclamo del señor Orraca Santana.

El 27 de octubre de 2024, las partes presentaron el *Informe de Conferencia con Antelación al Juicio.*[8] En él, el señor Orraca Santana esbozó su teoría de que Alegre había incumplido su deber contractual y actuado negligentemente en el transporte del ejemplar.[9] Por su parte, Alegre apuntó la prescripción de la causa de acción como controversia a ser dirimida por el tribunal.[10]

---

[4] *Íd.*
[5] *Íd.,* Entrada 10, *Contestación a demanda.*
[6] *Íd.*
[7] *Íd.,* Entrada 53, *Resolución.*
[8] *Íd.,* Entrada 54, *Informe de Conferencia con Antelación al Juicio.*
[9] *Íd.*
[10] *Íd.*

Luego de varios trámites procesales, el 1 de agosto de 2025, se llevó a cabo la conferencia con antelación al juicio y el juicio en su fondo.[11]

El 12 de agosto de 2025, luego de la celebración del juicio en su fondo y de evaluar la prueba desfilada, el TPI notificó la *Sentencia* apelada.[12] En ésta, indicó que el pleito fue adjudicado a base de la prueba documental admitida y la credibilidad de los testimonios presentados en el juicio.[13]

En su pronunciamiento, el foro apelado determinó como hecho probado que el señor Orraca Santana era el dueño del caballo Serie Mundial.[14] Estableció que las partes habían acordado el transporte del ejemplar Serie Mundial desde el Hipódromo Camarero hasta la finca Las Camelias.[15] Además, el foro primario precisó que la lesión sufrida por el ejemplar ocurrió en el transporte que pertenece a Alegre.[16]

El TPI también enumeró como hecho probado que, conforme al testimonio del Sr. Javier E. González Fonseca, el 25 de septiembre de 2017, éste conversó vía telefónica con el Sr. Gregory Jackson Wing para que transportara al caballo Serie Mundial hacia la finca Las Camelias. El Sr. Gregory Jackson Wing envió a Carlos Ayala y Alexander Rivera con un camión de Alegre.[17]

Como determinación adicional, el foro primario esbozó que, según el testimonio del Sr. Carlos Ayala, una vez se monta al caballo en el camión y están en marcha, se detienen para esperar que abriera el portón, pero escuchan patadas y ahí se percatan que Serie Mundial tenía una pata pillada entre la pared de metal de la caja

---

[11] *Íd.,* Entradas 54 y 55, *Minuta* registrada para conferencia con antelación al juicio y *Minuta* Registrada para juicio en su fondo.
[12] *Íd.,* Entrada 71, *Sentencia.*
[13] *Íd.*
[14] *Íd.,* Determinación de hecho número 1.
[15] *Íd.,* Determinación de hecho número 2.
[16] *Íd.,* Determinación de hecho número 3.
[17] *Íd.,* Determinación de hecho número 7.

que lo transportaba y el transporte.[18] A raíz del incidente, el caballo tuvo que ser sacrificado por recomendación del veterinario, Dr. René Cardona.[19]

El tribunal apelado determinó, además, que el demandante Orraca Santana no compareció al juicio en su fondo y tampoco testificó sobre la configuración de un contrato entre las partes, ni sobre las angustias mentales y daños morales reclamados.[20] También el foro sentenciador especificó que Alegre no había desfilado prueba sobre las causas de acción de la reconvención.[21] Añadió el TPI que tampoco se había desfilado prueba sobre la existencia de algún contrato verbal o escrito entre las partes, ni de sus términos o condiciones.[22]

Al tenor de los mencionados hechos, el TPI, en cuanto a la demanda, concluyó que:

> En el presente caso la parte demandada desde su contestación a la demanda levantó oportunamente la defensa afirmativa de prescripción. Además, indicó que entre las partes no existió contrato alguno para el transporte del ejemplar. Así también, se hizo constar en el Informe de Conferencia con antelación al juicio, que una de las controversias que este tribunal debía evaluar lo era si la demanda estaba prescrita. En el informe de conferencia con antelación al juicio la parte demandante discutió en su teoría que los demandados incumplieron con su deber contractual y fueron negligentes al transportar el caballo. Sin embargo, de los testimonios y la prueba desfilada no surgió que en el presente caso se configurara un contrato verbal o escrito entre la parte demandante, Sr. Luis Orraca, quien no compareció a juicio a ofrecer su testimonio, y el Sr. Gregory Jackson Wing. De hecho, surgió del testimonio del Sr Javier E. González Fonseca, que fue el quien se comunicó con el demandado para esta gestión. Siendo así, el tribunal no puede aplicar el t[é]rmino prescriptivo de 15 años al presente caso. A esos efectos, teniendo en cuenta que los hechos ocurrieron el 25 de septiembre de 2017, la parte demandante tenía hasta el 25 de septiembre de 2018 para presentar la demanda, lo cual corresponde al término prescriptivo de un (1) año. Sin embargo, la demanda fue presentada el 15 de octubre de 2019. De las alegaciones de la demanda no surge interrupción del término prescriptivo y tampoco

---

[18] *Íd.,* Determinación de hecho número 12.
[19] *Íd.,* Determinaciones de hecho números 8, 9 y 17.
[20] *Íd.,* Determinación de hecho número 25.
[21] *Íd.,* Determinación de hecho número 27.
[22] *Íd.,* Determinación de hecho número 29.

se desfiló prueba alguna en el juicio para establecer que fue interrumpido dicho término. Por lo que forzosamente hay que concluir que la presente demanda esta prescrita.[23]

Así pues, el foro primario declaró la demanda *no ha lugar,* tras concluir que la causa de acción estaba prescrita. Respecto a la reconvención, el TPI la declaró *no ha lugar* por ausencia de prueba.

Inconforme con lo resuelto, el 25 de agosto de 2025, el señor Orraca Santana instó una *Moción solicitando reconsideración.*[24] Alegó que su causa de acción no estaba prescrita. Al respecto, expuso, en primer lugar, que, a pesar de que Alegre planteó oportunamente la defensa afirmativa, dicha parte nunca fundamentó su solicitud de prescripción. A su vez, adujo que, al aplicar a la presente causa el término prescriptivo de un (1) año dispuesto para las acciones para exigir responsabilidad extracontractual, no procedía desestimar la reclamación por prescripción. Indicó que interrumpió el término prescriptivo el 26 de junio de 2018, cuando presentó una primera demanda basada en la misma causa de acción en contra de los mismos codemandados en el caso RG2018CV00192. Dicho pleito fue desestimado sin perjuicio por inactividad a tenor con la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, mediante sentencia notificada el 3 de abril de 2019, cuya solicitud de reconsideración fue denegada mediante orden notificada el 11 de septiembre de 2019. Así, arguyó que, al presentar la demanda del presente caso el 15 de octubre de 2019, lo hizo dentro del aludido término prescriptivo de un (1) año.

Por otro lado, el señor Orraca Santana razonó que la determinación de hecho número 2, de la cual surge que "[l]as partes acordaron el transporte del ejemplar Serie Mundial desde el Hipódromo Camarero hasta la Finca Las Camelias", resultaba

---

[23] *Íd.* (Nota al calce omitida, subrayado original).
[24] *Íd.,* Entrada 72, *Moción solicitando reconsideración.*

contradictoria a la conclusión del tribunal en cuanto a que "de los testimonios y la prueba desfilada no surgió que en el presente caso se configurara un contrato verbal o escrito entre la parte demandante, Sr. Luis Orraca, quien no compareció a juicio a ofrecer su testimonio, y el Sr. Gregory Jackson Wing".

Expirado el término para que Alegre, aquí apelada, expresara su posición en cuanto a la solicitud de reconsideración, el 2 de octubre de 2025, el TPI dictó la orden que declaró *no ha lugar* a la solicitud de reconsideración.[25]

Insatisfecho aún, el 1 de noviembre de 2025, el señor Orraca Santana incoó el presente recurso de apelación y adujo el siguiente señalamiento de error:

> Erró el Honorable Tribunal Sala Superior de Carolina al declarar la Demanda SIN LUGAR por entender que la misma estaba prescrita.

Transcurrido el término dispuesto en la Regla 22 de nuestro Reglamento[26] para que la parte apelada presentara su alegato en oposición sin que ésta compareciera, damos por perfeccionado el recurso y resolvemos sin el beneficio de su posición.

## II.

La prescripción es una figura que extingue un derecho cuando una parte no lo ejerce durante un período de tiempo determinado por ley.[27] A su vez, es una defensa afirmativa que debe plantearse expresa y oportunamente, so pena de entenderse renunciada.[28] En consonancia, el Código Civil dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley".[29] Ello significa que,

---

[25] *Íd.,* Entradas 76 y 81, órdenes.

[26] La Regla 22 de nuestro Reglamento establece un término de treinta (30) días, computados a partir de la presentación del escrito de apelación, para la parte apelada presente su alegato en oposición. Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

[27] *Birriel Colón v. Econo y otro,* 213 DPR 80, 94-95 (2023); *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372-373 (2012).

[28] *Meléndez Guzmán v. Berríos López,* 172 DPR 1010, 1017 (2008).

[29] Artículo 1861 del Código Civil de 1930, 31 LPRA ant. sec. 5291 Toda alusión al Código Civil se refiere al Código Civil de 1930, legislación vigente al momento de los hechos que generan esta controversia. El Código Civil de 1930 fue revocado y

en ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que la ley establece.[30]

La prescripción promueve que las personas ejerzan sus causas de acción con diligencia y, de esta manera, fomenta la estabilidad en las relaciones y el tráfico jurídico.[31] Esta figura del derecho sustantivo tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones. Así, al fijarse un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación.[32] De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba.[33]

Es norma conocida que el término prescriptivo de las acciones puede interrumpirse mediante: (1) el ejercicio de la acción judicial correspondiente; (2) la reclamación extrajudicial, y (3) el reconocimiento de la deuda por parte del deudor.[34]

A su vez, "cada mecanismo de interrupción tiene distintos requisitos, características y efectos sobre los términos prescriptivos".[35] En ese contexto, el Tribunal Supremo ha reconocido dos tipos de interrupción: la interrupción simple (interrupción de carácter instantáneo) y la congelación (interrupción con carácter duradero).[36] "[L]a interrupción de carácter simple es

sustituido por la Ley Núm. 55-2020, conocida como el *Código Civil de Puerto Rico,* 31 LPRA sec. 5311 *et seq.* Actualmente, la citada disposición legal corresponde al Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481.

[30] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020), citando a *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 228 (2019).

[31] *Conde Cruz v. Resto Rodríguez et al.*, supra, págs. 1067-1068.

[32] *Íd.*

[33] *Íd.,* pág. 1068, citando a *SLG Haedo-López v. SLG Roldán Rodríguez*, 203 DPR 324, 336 (2019); *Birriel Colón v. Econo y otro,* supra, pág. 95.

[34] Artículo 1873 del Código Civil de 1930, 31 LPRA ant. sec. 5303; *Birriel Colón v. Econo y otro,* supra, pág. 96; *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 375 (2022).

[35] *Díaz Santiago v. International Textiles*, 195 DPR 862, 868 (2016).

[36] *Íd.*, págs. 688-689.

aquella en la que el acto interruptor inicia un nuevo término prescriptivo que comenzará a computarse inmediatamente, es decir, desde que ocurre el acto interruptor".[37]  En la congelación, el acto interruptor también inicia un nuevo término prescriptivo; sin embargo, este habrá de comenzar a computarse en un momento posterior.[38]

En cuanto al efecto interruptor de la presentación de una reclamación judicial, el Tribunal Supremo ha expresado que ésta, "tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial".[39]

Respecto a la presentación oportuna y eficaz de una reclamación judicial, dicho Tribunal ha especificado que:

> … la mera interposición efectiva de una demanda ante un tribunal, dentro del término prescriptivo (…), que es un acto expreso y judicialmente constatado, produce el efecto interruptor de la prescripción extintiva de la acción ejercitada, cualesquiera que sean las vicisitudes posteriores a la radicación de la demanda, como, por ejemplo, carecer el tribunal, al cual se ha acudido, de competencia para entender en la acción o que se declare sin lugar la reclamación mediante moción de *non suit.*[40]

También ha particularizado el Tribunal Supremo que la mera interposición oportuna de una demanda interrumpe la prescripción extintiva, aun cuando se desista de la misma antes de emplazar a la parte demandada.[41]

De otra parte, Código Civil dispone que la acción para exigir responsabilidad por las obligaciones derivadas de la culpa o

---

[37] *Íd.*, pág. 689.
[38] *Íd.* Véase, además, *Suárez Ruiz v. Figueroa Colón*, 145 DPR 142, 150-151 (1998).
[39] *Díaz Santiago v. International Textiles*, supra, pág. 869.
[40] *Moa v. E.L.A.,* 100 DPR 573, 590 (1972).
[41] *Silva Wiscovich v. Weber Dental Mfg. Co.,* 119 DPR 550, 562 (1987).

negligencia prescriben por el transcurso de un año desde que lo supo el agraviado.[42]

### III.

Nos corresponde determinar si el TPI erró al concluir que la acción de daños y perjuicios incoada por el señor Orraca Santana en contra de Alegre había prescrito. Analizados los hechos a la luz del derecho aplicable, concluimos que le asiste razón al apelante Orraca Santana.

Conforme las determinaciones de hecho de la sentencia apelada, los hechos que dan lugar a la presente causa de acción ocurrieron el 25 de agosto de 2017. Hemos constatado en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC) que, por esos hechos, el 26 de junio de 2018 -dentro del término prescriptivo para exigir responsabilidad extracontractual- el señor Orraca presentó una primera demanda sobre daños y perjuicios contra los mismos codemandados en el caso RG2018CV00192. Dicho pleito fue desestimado sin perjuicio por inactividad a tenor con la Regla 39.2 (b) de Procedimiento Civil, *supra*, mediante sentencia notificada el 3 de abril de 2019. La moción de reconsideración presentada en ese caso fue denegada mediante orden notificada el 11 de septiembre de 2019.

Se desprende además de SUMAC que el señor Orraca Santana presentó la demanda del presente caso el 15 de octubre de 2019. Esto fue, dentro del año de haber sido notificado de la denegatoria a la moción de reconsideración del caso RG2018CV00192.

Según citado, el término prescriptivo de las acciones se puede interrumpir mediante el ejercicio de la acción judicial ante los tribunales. En cuanto al efecto interruptor de la presentación de una

---

[42] Artículo 1868 del Código Civil, 31 LPRA ant. sec. 5298. Actualmente, la citada disposición legal corresponde al Artículo 1204 del Código Civil de 2020, 31 LPRA sec. 9496.

reclamación judicial, el Tribunal Supremo ha expresado que ésta, tiene el efecto de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, y que el nuevo término iniciará cuando culmine efectivamente el proceso judicial.

De tal forma, le asiste la razón al señor Orraca Santana en cuanto a que la presentación de la demanda del pleito RG2018CV00192 interrumpió el término prescriptivo para ejercitar la acción en contra de Alegre. La presentación oportuna y eficaz de esa reclamación judicial tuvo el efecto de interrumpir y congelar el término prescriptivo hasta la terminación de ese trámite. Por tanto, el término de un (1) año comenzó a computarse nuevamente cuando culminó efectivamente dicho proceso judicial. Es decir, desde el 11 de septiembre de 2019.

El señor Orraca Santana incoó la reclamación judicial que nos ocupa el 15 de octubre de 2019. Esto fue, dentro del aludido término prescriptivo de un (1) año aplicable a las reclamaciones por responsabilidad extracontractual. Siendo así, colegimos que el TPI incidió al resolver que la presente causa de acción de daños y perjuicios incoada por el señor Orraca Santana en contra de Alegre había prescrito. En virtud de lo anterior, procede revocar la sentencia apelada, en tanto esta declaró *no ha lugar* la demanda del señor Orraca por prescripción de la causa de acción. Se resuelve que el señor Orraca Santana presentó oportunamente la demanda del presente caso. Por tanto, se restituye la demanda y se devuelve el caso al foro sentenciador para la continuación de los procedimientos, acorde con lo aquí resuelto.

**IV.**

Por los fundamentos que anteceden, se revoca la sentencia apelada, en tanto esta declaró *no ha lugar* la demanda del señor Orraca Santana por prescripción de la causa de acción. Se resuelve que el señor Orraca Santana presentó oportunamente la demanda

del presente caso. Por tanto, se restituye la demanda y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los procedimientos, acorde con lo aquí resuelto.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones